USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LINCOLN RAMPERSAD,                                          :
                                                            :   **REPORT & RECOMMENDATION**
                Plaintiff,       :
                                                            :
          -against-                                      :   17-CV-4308 (AT) (KHP)
                                                            :
Commissioner, Social Security Administration,               :
                                                            :
                Defendant.       :
                                                            :
------------------------------------------------------------X

**TO: THE HONORABLE LEWIS A. KAPLAN, United States District Judge**

**FROM: KATHARINE H. PARKER, United States Magistrate Judge**

      On October 26, 2017, Defendant filed a motion for reversal and remand back to the Defendant Commissioner of Social Security for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Doc. No. 15.) In Defendant's memorandum of law in support of its motion to remand, Defendant concedes that the Administrative Law Judge ("ALJ") who adjudicated Plaintiff's benefits application committed two legal errors that warrant remand. Specifically, Defendant states that the ALJ erred by (1) rendering a decision on Plaintiff's application for auxiliary benefits without giving Plaintiff the opportunity to testify about the period relevant to that application, and (2) improperly analyzing Plaintiff's residual functional capacity ("RFC"). (*See* Doc. No. 16 pp. 8-9.) On November 6, 2017, Plaintiff filed a letter to the Court stating that he did not oppose Defendant's motion to remand. (Doc. No. 17.)

      Having carefully considered the motion, the record, and noting the consent of Plaintiff, this Court respectfully recommends that Defendant's motion for reversal and remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) be **granted** and that the case be remanded to the

Commissioner for further proceedings. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

Date:  November 13, 2017
       New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

## NOTICE

**Plaintiff shall have seventeen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (*i.e.,* until November 30, 2017).  *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).  Defendant shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (*i.e.,* until November 27, 2017).**

**If Plaintiff files written objections to this Report and Recommendation, Defendant may respond to Plaintiff's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2).  Alternatively, if Defendant files written objections, Plaintiff may respond to such objections within seventeen days after being served with a copy.  Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d).  Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Torres. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).**